IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE B. SCOTT,         )<br>　　　Plaintiff,         )<br>v.                                )<br>CAROLYN W. COLVIN, Acting  )<br>Commissioner of Social Security,  )<br>　　　Defendant.       ) | No. 3:15-CV-3884-BF |

## MEMORANDUM OPINION & ORDER

Willie B. Scott ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claim for supplemental security income under Title XVI of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). Pl.'s Br. 1, ECF No. 22. For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED.

## BACKGROUND

Plaintiff alleges that he is disabled due to a variety of ailments, including lower back pain, headaches, numbness in his left hand, bipolar disorder, depression, and anxiety. Tr. 33, 34, 39 & 41-42, ECF No. 16-3. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on March 24, 2014 in Dallas, Texas before ALJ Carol K. Bowen. Tr. 28, ECF No. 16-3. Also present at the hearing was Vocational Expert ("VE") Suki Komaroff. Tr. 28, ECF No. 16-3. Plaintiff was born on October 21, 1961, and was 52 years old at the time of the March 24, 2014 hearing. Tr. 19, ECF No. 16-3. Plaintiff has past work experience as a spray paint helper and a material handler. Tr. 49, ECF No. 16-3. Plaintiff has a high school education. Tr. 30, ECF No. 16-3. Plaintiff has not engaged in substantial gainful activity since June 18, 2012. Tr. 20, ECF No. 16-3.

On April 30, 2014, the ALJ issued a decision finding that Plaintiff has not been under a disability from June 18, 2012 through the date of his decision. Tr. 20, ECF No. 16-3. The ALJ determined that Plaintiff had the following severe impairments: cervical radiculopathy, history of thoracic strain, degenerative joint disease of the right shoulder, bipolar disorder, major depressive disorder, and anxiety disorder. Tr. 11, ECF No. 16-3. The ALJ also determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 12, ECF No. 16-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c) with the ability to lift and/or carry 50 pounds occasionally and 25 pounds frequently, and sit for at least 6 hours and stand and/or walk for at least 6 hours in an 8 hour workday. Tr. 13, ECF No. 16-3. The ALJ also determined that Plaintiff could frequently climb, crawl, reach, and handle, but should avoid concentrated exposure to unprotected heights and hazardous moving machinery. Tr. 13, ECF No. 16-3. In addition, the ALJ concluded that Plaintiff is able to perform detailed, but not complex tasks. Tr. 13, ECF No. 16-3.

With respect to Plaintiff's mental impairments, the ALJ noted that, while the state agency psychological reviewers opined that Plaintiff did not have any severe mental impairments, their assessments did not reflect adequate consideration of the evidence submitted into the record subsequently that showed some worsening of Plaintiff's symptoms in the early part of 2013. Tr. 17, ECF No. 16-3. Therefore, the ALJ stated that he gave the state agency psychological reviewers' opinions some weight, to the extent that they support a finding that the combined effects of Plaintiff's mental impairments do not preclude Plaintiff from performing detailed, but not complex tasks. Tr. 17, ECF No. 16-3. The ALJ also noted that on February 4, 2013, Surinder Randhawa,

Ph.D., Plaintiff's treating psychologist, opined that Plaintiff "would have seriously limited ability to perform simple tasks and interact with the public b[u]t otherwise not meet competitive standards in order to perform detailed tasks, deal with stress, respond to change, interact with others, or maintain concentration . . . [and] would miss 4 days of work each month." Tr. 17, ECF No. 16-3; Tr. 303-07, ECF No. 16-8. However, the ALJ stated that Dr. Randhawa's "assessment of [Plaintiff's] ability to perform work related mental tasks is inconsistent with the minimal objective findings in treatment notes, including those from the 3 visits that [Plaintiff] had with Dr. [Randhawa]." Tr. 17, ECF No. 16-3. Moreover, the ALJ stated that Dr. Randhawa's assessment "appears to be based on [Plaintiff's] subjective reports rather than an objective assessment of his limitations and abilities." Tr. 17, ECF No. 16-3. Therefore, the ALJ stated that he gave Dr. Randhawa's opinion little weight. Tr. 17, ECF No. 16-3.

The ALJ determined that Plaintiff could perform his past relevant work as a spray paint helper, because this work does not require Plaintiff to perform work-related activities precluded by his RFC. Tr. 18, ECF No. 16-3. In addition, in considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff could also perform the tasks of light unskilled work, such as a furniture rental clerk, mailroom clerk, storage facility rental clerk, information clerk, officer helper, and a ticket seller. Tr. 19-20, ECF No. 16-3. Plaintiff appealed the ALJ's decision to the Appeals Council. On April 30, 2014, the Appeals Council affirmed the ALJ's decision. Tr. 6, ECF No. 16-3. Plaintiff subsequently filed this action in the Northern District of Texas on December 7, 2015. Compl., ECF No. 1.

## LEGAL STANDARDS

A claimant must prove that she is disabled for purposes of the Social Security Act to be

entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
(2) an individual who does not have a "severe impairment" will not be found to be disabled;
(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th

4

Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion

absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ committed reversible error by giving little weight to the opinion of her treating psychologist, Dr. Randhawa without evaluating the factors set forth in 20 C.F.R. § 416.927[1] ("Section 416.927"). Pl.'s Br. 3, ECF No. 22. Plaintiff argues that Dr. Randhawa's opinion is the only examining and treating source opinion in the record, and there are no other comparable mental RFC assessments in the record, other than those from non-examining state agency psychologists. Pl.'s Br. 4, ECF No. 22. Plaintiff argues that the ALJ disregarded the only examining source opinion in the record and gave greater weight to a non-examining source whom the ALJ

---

1. 20 C.F.R. § 416.927(c) states the following:
(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
    (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
    (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources . . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.
    (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.
    (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories.
    (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.(4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
    (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.
    (6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.

admitted did not consider the entire record. Pl.'s Br. 4, ECF No. 22 (citing Tr. 17, ECF No. 16-3).

While the Commissioner concedes that the ALJ did not conduct an analysis of the Section 416.927 factors, the Commissioner argues that the ALJ was not required to do so here, because the ALJ did not choose the opinion of a non-examining physician over Plaintiff's treating physician's opinion. Resp. 9-10, ECF No. 23. The Commissioner argues that the ALJ relied on other medical evidence in the record, and that the record contains "competing first-hand evidence" of normal examinations. Resp. 9-10, ECF No. 23. The Commissioner argues that the Court should uphold the ALJ's decision, because Plaintiff failed to show harmful error, and because Dr. Randhawa's assessment is inconsistent and unsupported by the record. Resp. 10, ECF No. 23.

In *Newton v. Apfel*, the Fifth Circuit stated the following:

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)]. Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e). . . . This court [] holds that an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist. The ALJ failed to perform this analysis, which should be conducted on remand.

*Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000). "*Newton* remains this Circuit's precedent, and in it, the Court of Appeals suggests that competing first-hand medical evidence is where 'one doctor's opinion is more well-founded than another.'" *Ramirez v. Colvin*, No. 3:13-CV-3846-N (BK), 2015 WL 328233, at *6 (N.D. Tex. Jan. 26, 2015) (quoting *Newton*, 209 F.3d at 458). In addition, "given its plain meaning, the phrase 'competing evidence,' that is, evidence that competes

7

with other evidence, is necessarily different than conflicting evidence from the same source." *Id.*

The Commissioner does not identify another treating psychologist's opinion that is more well-founded than that of Dr. Randhawa's. Rather, the Commissioner argues that the inconsistency of Dr. Randhawa's opinion and the fact that it is not supported by other evidence in the record warrants a finding of harmless error. Resp. 10, ECF No. 23. To reiterate, the ALJ stated that Dr. Randhawa's "assessment of [Plaintiff's] ability to perform work related mental tasks is inconsistent with the minimal objective findings in treatment notes, including those from the 3 visits that [Plaintiff] had with Dr. [Randhawa]." Tr. 17, ECF No. 16-3. Moreover, the ALJ stated that Dr. Randhawa's assessment "appears to be based on [Plaintiff's] subjective reports rather than an objective assessment of his limitations and abilities." Tr. 17, ECF No. 16-3. Therefore, the ALJ stated that Dr. Randhawa's opinion was given little weight because it is internally inconsistent and appeared to be based on Plaintiff's subjective reports. Tr. 17, ECF No. 16-3.

The other evidence in the record does not constitute "competing first-hand medical evidence" that reliably controverts Dr. Randhawa's opinion. *See Newton*, 209 F.3d at 458 ("This is not a case where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another. . . . Nor is this a case where the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion. . . . Instead, this is a case where the ALJ summarily rejected the opinions of Newton's treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant. At best, the record was incomplete, and Pertusi could have provided clarification or supplementation, if requested. This case is reversed and remanded for further consideration consistent with this

decision." (citing *Spellman v. Shalala*, 1 F.3d 357 (5th Cir. 1993); *Prosch v. Apfel*, 201 F.3d 1010 (8th Cir. 2000))). Although the ALJ is not required to accept Dr. Randhawa's opinion, the ALJ is required under the circumstances here to perform an analysis of the Section 416.927 factors or seek clarification or additional evidence. *See Newton*, 209 F.3d at 453-56.

While the Commissioner argues that the error here is harmless, the ALJ's failure to adhere to the Agency's procedures "'cast[s] into doubt the existence of substantial evidence to support [his] decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris*, 864 F.2d at 335). The Court is not able to conclude that the ALJ would have come to the same decision had he conducted a detailed analysis or sought clarification or additional evidence as required. *See id.* at *6 ("On the record before it, the Court cannot say that the failure to conduct the detailed analysis is harmless error. Had the ALJ conducted that analysis, there is a realistic possibility that he would have given greater weight to the opinions of the treating physician instead of the opinions of the nonexamining physician. There is also a realistic possibility that the ALJ would have sought clarification or additional evidence as contemplated by 20 C.F.R. § 404.1512(e). And, whether the ALJ accepted the opinions of Dr. Ruby or sought additional evidence, such change would cast into doubt the existence of substantial evidence to support the ALJ's current decision."). Therefore, remand is required, because there is a realistic chance that the ALJ may have reached a different result absent the procedural error. *See id.* at *5.

## CONCLUSION

For the reasons stated above, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this opinion.

SO ORDERED, this 8 day of December, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE